IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN L. LEWIS | ) | CASE NO. 1:09CV2734 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY JAIL | ) | MEMORANDUM OF OPINION |
| EMPLOYEES | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Marvin L. Lewis brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendant Cuyahoga County Jail Employees. In the body of the complaint he also names Corrections Officer Prevos, Warden Shaffer and an unnamed arraignment lawyer and judge. He contends that he should have received a preliminary hearing on charges of felonious assault and kidnapping in that, as of September 29, 2009, he had not been indicted on these charges. Damages in the amount of $10,000,000.00 are requested.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The purpose of a preliminary hearing is to determine whether sufficient facts exist to allow

the court to bind the accused over to the grand jury. *State v. Wigglesworth*, 18 Ohio St.2d 171, 174 (1969). There is no constitutional right to a preliminary hearing when an indictment is returned. *Zaffino v. Konteh*, 2006 WL 2360902 * 4 (N.D. Ohio, Aug. 15, 2006); *State ex rel. Pena v. Konteh*, 2007 WL 2216967 * 1 (Ohio App. 6th Dist., Aug. 1, 2007) (citing *State ex rel. Haynes v. Powers*, 20 Ohio St.2d 46, 48 (1969)). Preliminary hearings are provided for in Ohio Rule of Criminal Procedure 5(B). According to Rule 5(B)(1), the preliminary hearing must be scheduled no later than ten days after arrest. The docket of the Cuyahoga County Common Pleas Court shows three recent cases involving Marvin L. Lewis: case numbers CR-09-527590, CR-09-529127, CR-09-529183. In all of these cases, plaintiff received an indictment within ten days of his arrest. Therefore, the Court need not allow this case to proceed as plaintiff has no chance for success.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 19, 2010                               *s/     James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE